UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATOYA PERRY,

       Movant,

       v.

UNITED STATES,

       Respondent.

_____/

Criminal Case No. 11-20677
Civil Case No. 16-12078

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

**ORDER DENYING RESPONDENT'S MOTION TO STAY [91] AND ORDERING
RESPONDENT TO FILE RESPONSE TO MOVANT'S MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE [84, 88]**

On June 8, 2016, Movant filed, through counsel, a Motion to Vacate, Set

Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Dkt. #84].  The Court

directed the government to file a response by July 11, 2016.  On June 24, 2016,

Movant filed an Amended Motion [88].  On July 8, 2016, Movant filed a Motion to

Appoint Substitute Counsel [90].  The same day, the government filed a Motion to

Stay [91], asking the Court to stay proceedings pending the Supreme Court's

decision in *Beckles v. United States*, — S. Ct. —, 2016 WL 1029080 (Mem.) (June

27, 2016).  On July 12, 2016, the Court issued an Order Granting Movant's Motion

to Appoint Substitute Counsel [92] and an Order Adjourning Deadline for Government Response to Motion to Vacate [93]. On July 18, 2016, Movant filed, through her new counsel, a Response [94] to the government's Motion to Stay, arguing that the Court should decide Movant's § 2255 motion without waiting for the Supreme Court's decision in *Beckles*.

One issue to be decided by the Supreme Court in *Beckles* is whether the residual clause of the definition of "crime of violence" in the United States Sentencing Guidelines' career offender provisions is invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Sixth Circuit has already held that it is. *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016). The government does not take a contrary position. If the Supreme Court agrees, then it will decide a second issue: whether *Johnson*'s invalidation of the career offender residual clause applies retroactively on collateral review. The government takes the position that it does not. Some courts have held that it does. *E.g., Fife v. United States*, Nos. 1:03-CR-149, 1:03-CR-158, 2016 WL 3745762, at *2 (S.D. Ohio July 13, 2016) (unpublished); *Fleming v. United States*, — F. Supp. 3d. —, 2016 WL 3647999, at *4–*5 (E.D. Mich. June 28, 2016); *In re Hubbard*, — F.3d —, 2016 WL 3181417, at *6–*7 (4th Cir. June 8, 2016).

The Court finds these courts' reasoning persuasive and believes that the Supreme Court will apply similar reasoning in *Beckles*. The Court therefore finds

it unlikely that resources spent on Movant's *Johnson* challenge prior to the *Beckles* decision will go to waste. Accordingly, the Court declines to stay proceedings.

For the reasons stated above,

**IT IS ORDERED** that the government's Motion to Stay [91] is **DENIED**.

**IT IS FURTHER ORDERED** that the government must file a response to Movant's Motion to Vacate, Set Aside, or Correct Sentence [84, 88] within 35 days after entry of this Order.

**SO ORDERED**.

s/Arthur J. Tarnow

Arthur J. Tarnow

Dated: July 22, 2016        Senior United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 22, 2016.

s/Deborah Tofil

Deborah Tofil (for Mike Lang)

Case Manager (313)234-5122