UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 2:11-cr-20677

vs.                                        HON. ARTHUR TARNOW

LATOYA LAVONDA PERRY,

        Defendant.
_____

**DEFENDANT'S RESPONSE TO COURT REQUIRING PARTIES
TO PROVIDE SUPPLEMENTAL RECORDS**

On September 4, 2020, the Court indicated it "has no objection to Perry's early release". However, it requested that both parties obtain the following to assist its final decision: (1) BOP statistics specifying the number of inmates who have been granted release by the Warden of FCI Tallahassee pursuant to 18 U.S.C. § 3582(c)(1); (2) additional records regarding Ms. Perry's medical and program participation history, since she was sentenced in 2014; and, (3) records regarding Ms. Perry's request to the Warden of FCI Tallahassee, and Perry's reentry plan.

Attached is the Warden's response to Ms. Perry's request, submitted on January 3, 2020 for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). **(See Exhibit 1, Response to Petition for Release, 1/16/2020)** Undersigned Counsel has made multiple attempts to receive medical and program records from FCI Tallahassee, but to no avail. Making contact with anyone at FCI Tallahassee is difficult; return phone calls from staff is sporadic at best. The government has apparently had better success with its client. He provided Ms. Perry's medical records and indicated that the Warden

at FCI Tallahassee has failed to approve any compassionate release requests. 32 inmates have been released to home confinement since March 2020. See ECF 143, Government's Response to Court Order Requiring Parties to Provide Supplemental Records. Even though it appears the government is able to contact its client, it did not submit a program participation history with Ms. Perry's medical records.

## EXTRAORDINARY AND COMPELLING CIRCUMSTANCES

As the Court is aware, "extraordinary and compelling reasons" are not limited to medical emergencies, terminal illness, or the impending death of a loved one. Congress chose not to define "extraordinary and compelling reasons" when it passed 18 U.S.C. § 3582(c)(1)(A). Instead, the Sentencing Commission was given the responsibility. 28 U.S.C. § 994(t). U.S.S.G. § 1B1.13 includes a catchall provision of "other reasons" that gives the Court broad discretion in determining 'extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. 1.

The commission's guideline was drafted prior to passage of the First Step Act, and has not since been amended. The statement continues to suggest that the Court may only grant a sentence reduction "upon motion of the Director of Prisons, which is contrary to the First Step Act amendment permitting a defendant to file a motion on his own behalf. The majority of courts view this provision as outdated. *United States v. Baker,* Case No. 10-cr-20513-GCS, ECF 92 (E.D. Mich. August 13, 2020); *United States v. Maumau,* 2020 WL 806121, at *4 (D.Utah, February 18, 2020)(dependence on the BOP to determine an extraordinary and compelling reason is a relic of prior procedure). Thus, a majority of courts have concluded that although the outdated policy statement provides guidance, it does not "constrain the Court's independent

assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction."  *United States v. Clausen,* 2020 WL 4260795, at *4 (E.D. Pa, July 24, 2020); *Bellamy v. United States,* 2020 WL 4208446, at *5 (E.D. Va, July 22, 2020)("final authority over a request for a sentence reduction has always been within the purview of the district court, not the Bureau of Prisons."

Ms. Perry's underlying crimes were a series of small drug deals to cooperating individuals that resulted in the sale of 51.43 grams of cocaine base, i.e. crack cocaine. (PSIR ¶¶ 16-17, 22) The crimes themselves called for guidelines of 92 to 115 months in prison.  The addition of a career offender enhancement introduced a guideline range of 188 to 235 months in prison.  (PSIR ¶ 9) On its face, her sentence of 188 months is extraordinarily long given her crimes, and is disproportionate when compared to average federal sentences for similar or more serious crimes: robbery (109 months) drug trafficking (76 months); kidnapping (171 months); and murder (255 months). United States Sentencing Commission, *2019 Annual Report and Sourcebook of Federal Sentencing Statistics,* Table 27.[1]

Ms. Perry qualified as a career offender because of a 1996 conviction for escape and a 2006 conviction of delivery and manufacture of a controlled substance.  (PSIR ¶47) The escape arose when Ms. Perry was handcuffed to a bench in an Indiana police station.  Strung out on drugs and significantly underweight, the cuffs were to big for her. She slipped out of the cuffs and simply walked out the door of the station. It is hardly a crime of violence, and under new law would likely not have qualified Ms. Perry as a career criminal.  U.S.S.G. § 4B1.1  A crime of violence is defined in U.S.S.G. §

---

[1] https://www.ussc.gov.research/sourcebook-2019

4B1.2(a) as any federal or state offense that is punishable by a term of imprisonment exceeding one year, and that has as an element the use, attempted use, or threatened use of physical force against the person of another. There was nothing about the circumstances of Ms. Perry's escape that can be reasonably identified as using force or threatening to use force against another.  In hindsight, the differential created between Ms. Perry's guidelines for her underlying drug distributions, and the designation of her 1996 escape is bone-jarring.  It is extraordinary and compelling.

Numerous district courts have found that changes to the law that drastically reduce sentences, can constitute an extraordinary and compelling reason to consider a sentence reduction.  *See, e.g. United States v. Young,* 2020 WL 1047815, *8 (M.D. Tenn., March 4, 2020); *Maumau,* 2020 WL 806121, at *7; *United States v. Redd*, 2020 WL 1248493, *6 (E.D. Va., March 16, 2020), *United States v. Decator,* 2020 WL 1676219, at *3 (D.Md., April 6, 2020); *United States v. Wade,* 2020 WL 1864906, at *6 (C.D. Cal., April 13, 2020); *United States v. Haynes,* 2020 WL 1047815, at *15 (E.D.N.Y. April 22, 2020); *Bellamy,* 2020 WL 4208446, at *7.  Even in circumstances such as section 924(c) sentence stacking where the Congressional amendment was not retroactive, the failure to make an amendment retroactive does not preclude the Court from considering changes in law in the context of a motion for compassionate release.  *See,e.g. Maumau,* 2020 WL 806121, at *7; *Decator,* 2020 WL 1676219, at *4; *United States v. Adeyemi,* 2020 WL 3642478, at *23 (E.D.Pa., July 6, 2020)   In sum, the Court maintains the discretion to review the designation of Ms. Perrry as a career criminal and decide if the circumstances that designated Ms. Perry's 1996 escape conviction a "violent" crime creates a sentencing disparity that is extraordinary and

compelling for purposes of compassionate release.

In addition, Ms. Perry's evidence of significant rehabilitation supports a sentence reduction. Despite her long sentence and the state she found herself in at the beginning of incarceration, all accounts indicate that she is determined to be productive and to continue to transform herself. Her work in the prison, cooking in the staff dining area for BOP employees, is a testament to the trust that she has built with the BOP. Her family is supportive, and Ms. Perry will live with her sister and assist her mom as she seeks employment in culinary arts. She is educating herself with BOP programs and classes, and has been discipline free for several years.

When the Court considers how Ms. Perry attained her status as a career criminal, the injustice of having her 1996 escape conviction termed a "violent" crime, and the status of her rehabilitation, the Court has adequate grounds for finding "extraordinary and compelling reasons" for granting compassionate release. See *United States v. Johnny Baker,* Case No. 10-cr-20513, 2020 WL 4696594 (E.D. Mich. August 13, 2020)(Steeh, J)(holding that rehabilitative efforts and disparities in sentences caused by new case law or congressional mandates may constitute extraordinary and compelling reasons for compassionate release.

Respectfully Submitted,

SMITH MIHAS PLLC

/s/ Nicole L. Smith
Nicole L. Smith, P62475
Attorney for Latoya Perry
467 Eureka Road, Suite 1
Wyandotte, Michigan 48192
(734) 692-3033
nlsmith@smithmihas.com

## CERTIFICATE OF SERVICE

    I submit under penalty of perjury the attached Defendant's Response to the Court's Order Requiring Parties to Provide Supplemental Records was served on September 25, 2020 through the Court's CM/ECF electronic filing system to the Court and all interested parties.

                                                   /s/ Nicole L. Smith
                                                   Nicole L. Smith, P62475
                                                   Attorney for Latoya Perry